**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**PAUL JOHN REINHARDT, N.M.D.,**

    **Plaintiff,**

vs.                                                 Case No. 4:05cv107-WS/WCS

**JOHN O. AGWUNOBI, in his
OFFICIAL CAPACITY AS SECRETARY,
FLORIDA DEPARTMENT OF HEALTH,
and LARRY McPHERSON, in his
OFFICIAL CAPACITY AS EXECUTIVE
DIRECTOR OF THE FLORIDA
BOARD OF MEDICINE,**

    **Defendants.**

                                             /

**O R D E R**

Plaintiff, proceeding *pro se*, has filed several motions. Plaintiff seeks a case management conference under FED. R. CIV. P. 16(b). Doc. 35. Plaintiff's motion is denied. Pending in this case is a motion to dismiss Plaintiff's amended complaint. Doc. 25. Plaintiff has been given until September 9, 2005, to file a response. Doc. 31. The motion to dismiss should be resolved before discovery is conducted, especially where *res judicata* is argued as a bar to the action. If the motion to dismiss is denied, a scheduling order will be entered and that will set the discovery schedule. It is noted that

Plaintiff has already filed a memorandum in opposition to the motion to dismiss.  Doc. 33.  Thus, the motion to dismiss can now be ruled upon.

Plaintiff also filed a "motion for leave for instructions to file state appellate CD-ROM or other record, if necessary."  Doc. 36.  It is unlikely that review of oral argument from Plaintiff's prior case is necessary to rule on the motion to dismiss.  Plaintiff should have raised his relevant argument in opposition to the motion to dismiss in his memorandum, doc. 33, and the submission of such evidence is unnecessary in ruling on a motion to dismiss.  The motion is denied.

Furthermore, Plaintiff filed a motion for leave to amend the amended complaint.  Doc. 34.  Under N.D. Fla. Loc. R. 15.1, when leave to amend is sought, "the motion and the proposed amended pleading shall each be filed and docketed separately."  *Id.*  Plaintiff has not filed a proposed amended pleading but, instead, is merely asking that if the complaint is deemed insufficient in some respect, that Plaintiff be given an opportunity to amend the complaint rather than have it dismissed.  As a motion to amend, the motion is denied at this time.  Plaintiff may renew the motion after consideration of the pending motion to dismiss.  Should the complaint be susceptible to amendment which would cure any deficiency noted, Plaintiff would be given leave to amend as a matter of course.

Accordingly, it is hereby

**ORDERED:**

1.  Ruling continues to be **DEFERRED** on Defendants' motion to dismiss, doc. 25.

2.  Plaintiff's motion for a case management conference under FED. R. CIV. P. 16(b), doc. 35, is **DENIED without prejudice**.

3.  The parties are advised that a scheduling order will be issued expeditiously after consideration of the pending motion to dismiss.

4.  Plaintiff's "motion for leave for instructions to file state appellate CD-ROM or other record, if necessary," doc. 36, is **DENIED**.

5.  Plaintiff's motion for leave to amend the amended complaint, doc. 34, is **DENIED** pursuant to N.D. Fla. Loc. R. 15.1.

**DONE AND ORDERED** on September 7, 2005.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**