**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**PAUL JOHN REINHARDT, N.M.D.,**

      **Plaintiff,**

**vs.**                                 **Case No. 4:05cv107-WS/WCS**

**JOHN O. AGWUNOBI, in his
OFFICIAL CAPACITY AS SECRETARY,
FLORIDA DEPARTMENT OF HEALTH,
and LARRY McPHERSON, in his
OFFICIAL CAPACITY AS EXECUTIVE
DIRECTOR OF THE FLORIDA
BOARD OF MEDICINE,**

      **Defendants.**

_____/


**O R D E R**

Defendants filed a motion to strike Plaintiff's notice of filing caveat regarding pro se pleadings.  Doc. 41.  Defendants contend that Plaintiff filed the document in question, doc. 32, in an attempt to make additional argument that he was not able to do previously because Plaintiff was limited to thirty pages in filing a response to the pending motion to dismiss.  Doc. 41.  Defendants request that the notice of caveat be struck from this record.  *Id.*

Plaintiff, proceeding *pro se*, filed a response in opposition to Defendant's motion. Doc. 47.  Plaintiff's memorandum argues that motions to strike "are not favored and are considered time wasters" and urges the Court to deny the motion.  *Id.*

The federal rules provide that "upon motion made by a party within 20 days after the service of the pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  Defendants' motion was timely filed well within twenty days.  *Cf.* docs. 41, 32.

Plaintiff's caveat, doc. 32, is a four-page document which, by and large, presents the standard for review of *pro se* pleadings and Rule 8.  Such standards are known to the Court and the document itself is unnecessary.  However, a document should not be stricken "unless it is clear that it can have no possible bearing upon the subject matter of the litigation."  2 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 12.21(2) (2d ed.), *cited with approval* Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958)(Rives, J., concurring specially).  Furthermore, unnecessary evidentiary details are usually not stricken unless prejudicial.  In re Beef Industry Antitrust Litigation, 600 F.2d 1148, 1168-69 (5th Cir. 1979).

> [B]ecause motions to strike . . . are not favored, often being considered "time wasters," they usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Thus, a motion to strike frequently has been denied when no prejudice could result from the challenged allegations, even though the matter literally is within the categories set forth in Rule 12(f).

5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §

1382  (1990).  Although Plaintiff's caveat is not needed, there is no prejudice by this

document to either party.  Therefore, Defendant's motion to strike is denied.

Plaintiff is advised, however, that in the future, page limitations set by the court

will not be circumvented by secondary filings.  If there is good cause to permit additional

pages, the proper way to proceed is to seek leave of court to file a supplement.

Accordingly, it is

**ORDERED:**

1.  Defendant's motion to strike, doc. 41, is **DENIED.**

2.  The Clerk of Court shall return this file to the undersigned after docketing for

consideration of the pending motion to dismiss.

**DONE AND ORDERED** on October 12, 2005.


**s/     William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**