## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**PAUL JOHN REINHARDT,**

     **Plaintiff,**

**vs.**                                            **Case Number 4:05cv107-WS/WCS**

**DR. M. RONY FRANCOIS, et al.,**

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendants filed a motion to dismiss the *pro se* Plaintiff's amended complaint.
Doc. 25.  Plaintiff was directed to file a response to Defendants' motion, doc. 26, and he
has filed an amended memorandum in opposition.  Doc. 46.

**Allegations of the Amended Complaint**

Plaintiff filed an amended civil rights complaint on May 16, 2005, pursuant to 42
U.S.C. § 1983.  Doc. 13.  There are two (2) Defendants in this case: (1) Larry
McPherson, in his official capacity as Executive Director of the Florida Board of
Medicine and (2) Dr. M. Rony Francois, in his official capacity as Secretary of the
Florida Department of Health.  Doc. 13.  Plaintiff is certified by the American Alternative
Medical Association as an Alternative Medical Practitioner, certificate number

75102305.  *Id.*  Plaintiff is also certified by the American Association of Drugless

Practitioners as a Holistic Health Practitioner, certificate number 58182305.  *Id.*  Plaintiff

is a Diplomat in the Practice of Naturopathic Medicine of the American Naturopathic

Association and the American Board of Naturopathic Examiners.[1]  *Id.*  Plaintiff is

currently licensed to practice as a Naturopathic Physician in both the District of

Columbia and in the State of Idaho.  *Id.*

Plaintiff alleges that beginning in 1959, the State of Florida no longer allowed

persons to become licensed to practice naturopathic medicine, but permitted those

persons who were then licensed to continue to practice naturopathic medicine.  Doc. 13,

p. 4. As of May of 2003, there were approximately seven licensed Naturopaths in the

State of Florida.  *Id.*  Plaintiff requested an application for a license to practice

naturopathy in Florida from the Department of Health and was referred from that

Department to the Florida Board of Medicine.  *Id.*  The Board responded:

> Only those naturopaths who were licensed pursuant to chapter 462, F.S.,
> as of 1985 may practice naturopathy today in the state of Florida pursuant
> to s. 462.2001, F.S.  Any person who practices naturopathy in the state of

---

[1] "Naturopathy" is defined by Florida law as:

> . . . the use and practice of psychological, mechanical, and material health
> sciences to aid in purifying, cleansing, and normalizing human tissues for
> the preservation or restoration of health, according to the fundamental
> principles of anatomy, physiology, and applied psychology, as may be
> required.  Naturopathic practice employs, among other agencies,
> phytotherapy, dietetics, psychotherapy, suggestotherapy, hydrotherapy,
> zone therapy, biochemistry, external applications, electrotherapy,
> mechanotherapy, mechanical and electrical appliances, hygiene, first aid,
> sanitation, and heliotherapy . . . .

FLA. STAT. § 462.01(1) (2005).

Florida without holding a valid active license to practice today and as of October 1, 1985 is guilty of a felony of the third degree, pursuant to s. 462.217(5).  Naturopathy was not 'deregulated.'  It is still a regulated profession.  However, no new naturopaths are being licensed.

Doc. 13, pp. 4-5.[2]

Plaintiff also contends in his amended complaint that he contacted an unidentified person who is allegedly licensed as a naturopath in Florida.  *Id.*, at 6.  Plaintiff requested to meet with this individual "in consultation."  *Id.*  The person declined, informing Plaintiff that Florida law does not provide an exception for a naturopath who is licensed in another state "to meet in consultation with duly licensed naturopaths in Florida."  *Id.*  Plaintiff states that "[s]uch provisions or exceptions exist for Allopathic Physicians in F.S. 458.303(1)(b) as well as Osteopathic Physicians in F.S. 459.002(1)(b).  *Id.*

Plaintiff acknowledges in the amended complaint that he previously sued the Defendants (and Florida's Governor) in state court, <u>Reinhardt v. Bush, et al.</u>, case number 03-CA-1271, alleging due process and equal protection violations in being refused a "license to practice naturopathy, while at the same time allowing those naturopaths with an alleged 'grandfathered' license to continue to practice."  *Id.*, at 5.  Plaintiff acknowledges having previously "challenged the constitutionality of the so called 'grandfather' and 'saving clauses' set forth in sections 462.023 and 462.2001, Florida Statutes."  *Id.*  Plaintiff's suit was dismissed for failure to state a cause of action

---

[2] Defendants' motion to dismiss, doc. 25, p. 2, explains the reason for the discrepancies in dates (1985 or 1959) results from statutory amendments. *See also* doc. 25, pp. 4-5.

by the Circuit Court of the Second Judicial Circuit and his appeal to the First District Court of Appeal was affirmed without a written opinion. *Id.* The Florida Supreme Court dismissed Plaintiff's attempted appeal on March 24, 2005, for lack of jurisdiction.[3] *Id.*

Plaintiff contends that the prohibition against allowing a person who is lawfully licensed to practice naturopathic medicine in another state "to meet in consultation with duly licensed naturopaths in Florida" violates the Dormant Commerce Clause of the United States Constitution. *Id.*, at 6. Plaintiff seeks declaratory, injunctive, and equitable relief. *Id.*, at 6-7.

**Standard of Review**

Dismissal of a complaint, or a portion thereof, pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted should not be ordered unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A court must accept the factual allegations of the complaint as true. Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon

---

[3] This action was initiated on March 21, 2005. Doc. 1.

which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.  Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

122 S.Ct. at 998-999.  Defendants' motion to dismiss is reviewed in the light most favorable to Plaintiff as the non-moving party, to determine whether Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."  Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1080 (11th Cir. 2004), *quoted in* Kirwin v. Price Communications Corp., 391 F.3d 1323, 1325 (11th Cir. 2004).

**Motion to Dismiss**

Defendants raise several grounds in support of their motion to dismiss.  Doc. 25. They argue that Plaintiff lacks standing to bring this suit, that the complaint fails to state a claim, and that the complaint is barred by the doctrine of *res judicata.  Id.*, at 5-6.  In particular, Defendants contend that if Plaintiff does not have standing, then this Court does not have jurisdiction over this action.  *Id.*, at 8.

**Standing**

Usually standing is considered first since it goes to subject matter jurisdiction. Standing here is complicated, however, and Plaintiff probably would be able to allege additional facts to show a present need to engage in consultation with licensed Florida Naturopaths as he has alleged.  It is recommended that the court adjudicate the *res*

*judicata* issue instead, and not address standing or whether the complaint states a claim upon which relief may be granted.

**Res Judicata**

Attached to the motion to dismiss are copies of documents from the state court proceedings that Defendants wish the Court to review in support of their motion.  Doc. 25, ex. A.  Plaintiff does not so much object to the documents filed, but he contends opposing counsel has only provided selective parts of the record.  Doc. 36.  Plaintiff sought to have the Court provide him with directions on how to submit the complete state court record, including briefs, certified copies of transcripts, and a CD-ROM of oral argument so that the Court has an adequate record on which to "fully and fairly address" the *res judicata* argument presented by Defendants.  *Id.*  The motion was denied, doc. 43, finding it "unlikely that review of oral argument" would be necessary to rule on the pending motion to dismiss.  Plaintiff was directed to address Defendants' arguments in his reply memorandum.  Doc. 43.

Defendants note that generally the standard of review on a motion to dismiss is limited to the face of the complaint; however, they assert that the Court "may take judicial notice of uncontested facts in . . . determining a complaint's sufficiency."  Doc. 25, p. 6.  In support of that argument, Defendants cite several cases, including Ehlert v. Singer, 245 F.3d 1313 (11th Cir. 2001), McDonald v. Hillsborough County Sch. Brd., 821 F.2d 1563 (11th Cir. 1987), and other cases.  *Id.*, at 6-7.  Defendants note that Rule 201(f) of the Federal Rules of Evidence permits judicial notice to "be taken at any stage

in the proceeding."  *Id.*, at 7, *citing to* <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994) and <u>City of Tallahassee</u>, 149 F.Supp.2d 1324, 1339 (N.D. Fla. 2001).

In <u>United States v. Jones</u>, 29 F.3d 1549 (11th Cir. 1994), the Government filed a motion for summary judgment and in support of the motion, "submitted a certified copy of an order dated June 5, 1991 issued by United States District Judge Anthony A. Alaimo in" the plaintiff's prior discrimination action he filed against his former employer. <u>Jones</u>, 29 F.3d at 1551.  The court granted the Government's summary judgment motion, relying in part on "facts" which were taken from the prior court order.  *Id.*, at 1552.  The Government argued that the order was admissible under Rule 201.  *Id.* However, the appellate court held the evidence was not properly admissible under Rule 201(b),[4] noting that "for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite."  29 F.3d at 1553, *citing* 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp. 1994).

> Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing.  If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.

<u>Jones</u>, 29 F.3d at 1553 (internal citations omitted).

---

[4] The rule provides: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

In that case, the fact at issue was derived from factual findings within the court order; it was not simply the fact that the order or action existed.  *Id.*  The Eleventh Circuit held that the statements made in the order did "not indisputably establish" the fact the court was accepting, "that Jones refused to work," and, therefore, "judicial notice of that fact would be inappropriate."  29 F.3d at 1553.  In making that determination, however, the Eleventh Circuit quoted a Second Circuit opinion which found "that a 'court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.' "  29 F.3d at 1553, *quoting* Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) (citations omitted).  It should be noted, also, that this was evidence submitted with a motion for summary judgment, unlike this case in which Defendants filed a motion to dismiss.  But the law concerning judicial notice applies here.  This court may judicially notice the complaint and order in the state case "to establish the fact of such litigation and related filings."

In Ehlert v. Singer, 245 F.3d 1313 (11th Cir. 2001), a case based on a motion to dismiss, the Eleventh Circuit affirmed the district court's dismissal under FED. R. CIV. P. 12(b)(6) of Plaintiff's claims raised under the Securities Act that Defendants issued materially false and misleading statements which artificially inflated the stock prices. Crucial to ruling on the motion to dismiss was whether the challenged statements made in the prospectus were "forward-looking" statements such that Defendants would be protected from liability by a safe-harbor provision.  Ehlert, 245 F.3d at 1316.  The text of the prospectus had to be examined to make that determination and the Eleventh Circuit

noted that because "the document is central to the complaint, and its contents are not in dispute, the text of the prospectus is properly considered by this Court."  *Id.*, at n.4, *citing* Harris v. Ivax Corp., 182 F.3d 799, 801, n.2 (11th Cir. 1999) (stating, "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute."), *citing* Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).  Thus, where the contents of a document are not in dispute, and where, as here, the document is central to and referenced by Plaintiff in the amended complaint, the Court may review the documents in ruling on the motion to dismiss.

The contents of the documents presented by Defendants with the motion to dismiss are not in dispute.  Plaintiff is familiar with the complaint, as it is his, and the contents of the order of dismissal, as he took a direct appeal from that order.  There is no unfairness to either party in reviewing these two documents.  Finally, as will be explained more fully *infra*, the only documents that are needed to determine whether *res judicata* bars this case are Plaintiff's state court complaint, which demonstrates the claims raised, and the order of dismissal, which indicates the basis for dismissal.

In summary, *res judicata* "determinations are pure questions of law" and may be raised as an affirmative defense to avoid a lawsuit.  Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1288 (11th Cir. 2004).  *Res judicata* may also be raised in a Rule 12(b)(6) motion to dismiss when the allegations on the face of the complaint "show that an affirmative defense bars recovery on the claim."  Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001), *citing* Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th

Cir. 1981) (finding that an affirmative defense such as failure to timely bring Title VII claim can be asserted in 12(b)(6) motion to dismiss if it can be resolved on the face of the pleadings) (other citations omitted).  On the face of Plaintiff's amended complaint, Plaintiff acknowledged the prior action.  It is clear that *res judicata* is implicated in this suit and the Rule 12 motion is appropriate.

Under the Full Faith and Credit Clause of the United States Constitution and its implementing statute, 28 U.S.C. § 1738, "[a] final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc., 404 F.3d 1297, 13091310 (11th Cir. 2005), *quoting* Baker v. General Motors Corp., 522 U.S. 222, 233, 118 S.Ct. 657, 663- 64, 139 L.Ed.2d 580 (1998).  The doctrine of res judicata bars "a subsequent action if:  (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.' " Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir.), *cert. denied* 540 U.S. 1016 (2003) (citations omitted).  This Court must apply Florida's law of *res judicata* to determine if Plaintiff's Commerce Clause claim is barred. *See* Saboff v. St. John's River Water Management Dist., 200 F.3d 1356, 1360 (11th Cir. 2000).

"[U]nder Florida law, *res judicata* bars a second suit when a court of competent jurisdiction has entered final judgment in the first suit and the following four conditions are met:  identity of the thing sued for; identity of the cause of action; identity of the

parties; [and] identity of the quality in the person for or against whom the claim is made."

<u>Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 94 F.3d 1514, 1518 (11th Cir. 1996), *citing* <u>Aquatherm Indus., Inc. v. Florida Power & Light Co.</u>, 84 F.3d 1388, 1394 (11th Cir. 1996).  *Res judicata* bars a subsequent lawsuit when those four identities are present.  It is undisputed that there is identity between the parties and the quality in the persons against whom Plaintiff's claim is made. Plaintiff's dispute here is that there is no identity in the thing sued for or in the cause of action.  Doc. 46.

The state court documents are attached to the motion to dismiss.  Doc. 25. Exhibit A is a copy of Plaintiff's complaint filed in state court, exhibit B is the order of dismissal, exhibit C is the *per curiam* dismissal from the Florida First District Court of Appeal, and exhibit D is the dismissal from the Florida Supreme Court.  Doc. 25, ex. A.[5]

---

[5] All exhibits were electronically filed as one document.  Doc. 25, exhibit.  However, exhibit A begins on page 1 of the exhibit, exhibit B begins on page 32 of the exhibit, exhibit C begins on page 40, and exhibit D begins on page 43.

Plaintiff's complaint challenged the constitutionality of FLA. STAT. § 462.023[6] and

§ 462.2001.[7]  Doc. 25, ex. A.  Plaintiff specifically asserted that the suit was "concerned

with the propriety of the purported grandfather and saving clauses, as a whole, in their

impact on the practice of naturopathy in general and the plaintiff in particular."  *Id.*, at 2.

Plaintiff alleged that the statutes which would not permit him to be licensed in Florida

violated the Due Process and Equal Protection Clauses of the United States

Constitution.  *Id.*, at 3.  Plaintiff asserted he had standing because he was "threatened

with fines of at least $1000.00 and one year in prison if he practices his chosen

profession in the State of Florida and/or uses his professional title or professional

designations of 'N.M.D.', 'Doctor of Naturopathy', and 'Naturopathic Physician' in the

State of Florida."  *Id.*  4-5.  Plaintiff related that a 1959 Act abolished naturopathy, but

permitted persons who at that time had a license to practice, to continue.  *Id.*, at 8.  A

subsequent 1985 Sunset Act created a saving clause which allowed "only those

---

[6] Statute 462.023 states as follows:

> The department may adopt such rules as are necessary to carry out the purposes of this chapter, initiate disciplinary action as provided by this chapter, and shall establish fees based on its estimates of the revenue required to administer this chapter but shall not exceed the fee amounts provided in this chapter.  The department shall not adopt any rules which would cause any person who was not licensed in accordance with this chapter on July 1, 1959, and had not been a resident of the state for 2 years prior to such date, to become licensed.

FLA. STAT. § 462.023.  The "department" referenced is the Department of Health.  FLA. STAT. § 462.01(2).

[7] The "saving clause" is FLA. STAT. § 462.2001 and provides: "All licenses to practice naturopathy issued pursuant to this chapter and valid on October 1, 1985, shall remain in full force and effect."

Naturopaths, who were licensed pursuant to chapter 462, Florida Statutes, as of

October 1, 1985[,] may practice Naturopathy in the state of Florida."  *Id.*, at 9.[8]  Plaintiff

claimed that the saving clause created "a monopoly for those licensed as naturopaths

by a date certain in 1985" and violated due process and equal protection of the law.  *Id.*,

at 14-15, 17-19, *et seq.*

Plaintiff's complaint was dismissed by the circuit court on the merits and the

decision was affirmed on appeal.  The trial court held that plaintiff could not "maintain a

cause of action under either the due process of equal protection theories alleged" in the

complaint, nor could Plaintiff "maintain a cause of action based upon" the other counts

in the complaint.[9]  Ex. B.

Plaintiff contends *res judicata* does not bar this suit because he is attempting to

litigate an "intervening issue" that he could not have raised "in his prior case, nor should

have he, as the event is a different event and had not even happened yet and is

bottomed on a different asserted wrong and different operative facts."  Doc. 46, p. 5.

Specifically, Plaintiff contends that the state court proceeding cannot "be said to have

adequately addressed Plaintiff's present dormant Commerce Clause claim" - that

Plaintiff is a licensed naturopath in two locations outside of Florida, and wishes to "use

---

[8] Pursuant to § 462.17(5), it is a third degree felony to practice Naturopathy in the
State of Florida without a license, or to imply or designate themselves "as a practitioner
of Naturopathy without then being lawfully licensed and authorized to practice
Naturopathy in this state . . . ."  *Id.*, at 9.

[9] Dismissal with prejudice for failure to state a claim is an adjudication on the merits.
Saboff v. St. John's River Water Management Dist., 200 F.3d 1356, 1360 (11th Cir.
2000), *cert. denied*, 531 U.S. 823 (2000) (citing FLA. R. CIV. P. 1.420(b)).

the internet and telephone communication for consultation with duly licensed

naturopaths in Florida."  Doc. 46, pp. 8, 15-16.[10]

Plaintiff also asserts that in this case, he is seeking "something way different."

*Id.*, at 10.

> [Plaintiff] is suing to avoid arrest for operating a commercial venture to the
> remaining naturopaths in Florida through using modes of interstate
> Commerce already well established by our Federal Court decisions and so
> worthy of protection as being declared to be of national importance - this
> nation's internet, cell phones and land-line phone lines.

Doc. 46, p. 10.  Plaintiff contends this action "is bottomed upon a distinctly different

cause of action, a different set of operative facts and subsequent activity after *Reinhardt*

*I*."  Doc. 46, p. 4.  Specifically, Plaintiff states that it was not until after *Reinhardt I* that

he became interested in opening the consultation enterprise which forms the basis of

his Commerce Clause claim.  *Id.*  Plaintiff asserts that only "certain background facts . .

. overlap" and that this case presents "new facts, and new evidence . . . ."  *Id.*, at 5.  He

contends he "could not raise this new intervening issue in his prior case, nor should

have he, as the event is a different event and had not even happened yet and is

bottomed on a different asserted wrong and different operative facts."  *Id.*

Plaintiff incorrectly argues that "[w]here the relief sought in the first suit [is] not

sought in the second, the causes of action are different and the second action is not

barred."  Doc. 46, p. 10.  Plaintiff notes he is suing here not to obtain a license, but to

provide consultations to licensed naturopaths and avoid arrest.  *Id.*  However, "[i]t is well

---

[10]"The internet is an instrumentality of interstate commerce" as is the telephone.
<u>United States v. Hornaday</u>, 392 F.3d 1306, 1311, 1316 (11th Cir. 2004).

settled that *res judicata* turns primarily on the commonality of the facts of the prior and subsequent actions, not on the nature of the remedies sought." In re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir.), *cert. denied* TDY Industries, Inc. v. Kaiser Aerospace and Electronic s Corp., 534 U.S. 827 (2001).  This argument does not save this action.

It must be determined whether Plaintiff's claim in this suit "was or could have been raised in the prior action; if the answer is yes, res judicata applies." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir.), *cert. denied* TDY Industries, Inc. v. Kaiser Aerospace and Electronic s Corp., 534 U.S. 827 (2001).

"Florida law defines identity of causes of action as causes 'sharing similarity of facts essential to both actions.' " Saboff v. St. John's River Water Mgmt., Dist., 200 F.3d at 1360 (11th Cir. 2000), *quoting* Fields v. Sarasota Manatee Airport Authority, 953 F.2d 1299, 1307-08 (11th Cir. 1992), (quoting Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1509 (11th Cir.), *cert. denied*, 475 U.S. 1107 (1986)).  "[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999) (internal citation and quotation marks omitted), *quoted in* In re Piper Aircraft Corp., 244 F.3d at 1297.

Plaintiff's claims do share similar and essential facts because resolution of the Commerce Clause claim must consider Florida's law that does not allow new

Naturopathic physicians to be licensed.  That prohibition is at the heart of this controversy.

Plaintiff contends "that res judicata does not apply where the facts giving rise to the second case only 'arise after the original pleading is filed in the earlier litigation.' " Manning v. City of Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992), In re Piper Aircraft Corp., 244 F.3d at 1298.  Plaintiff's argument, however, is typically seen in situations where an employee alleges job discrimination based on a 1993 incident (such as failure to promote) but does not amend the complaint to raise a 1994 incident.  *See e.g.*, Pleming v. Universal-Rundle Corp., 142 F.3d 1354 (11th Cir. 1998).  A second lawsuit raising the 1994 is not precluded as each successive employment opportunity is a separate consideration that is unrelated to the first.  *Id.*  The second claim for later incidents is not a claim "arising out of the same operative nucleus of fact."  In re Piper Aircraft Corp., 244 F.3d at 1299, *explaining* Pleming, *supra.*  The second incident *could not* have been brought when the first case was filed because the job position was not available at that time.  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999), *cert. denied* 530 U.S. 1223 (2000) (stating "[r]es judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding.").  It is important to note there is a difference between claims "which could have been brought" and "claims which arise" subsequent to previous litigation.  *See* Ragsdale, 193 F.3d at 1240.

> [W]e do not believe that the res judicata preclusion of claims that "could have been brought" in the earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation.  Instead, we believe that, for res judicata purposes, claims that "could have been brought" are claims in existence at the time the original complaint is filed

or claims actually asserted by supplemental pleadings or otherwise in the
earlier action.

*Id.*, *quoting* <u>Pleming</u>, 142 F.3d at 1357, *quoting* <u>Manning v. City of Auburn</u>, 953 F.2d
1355, 1360 (11th Cir. 1992).

For example, a plaintiff may not intentionally split causes of action by first
bringing state law claims in one suit and then file a second suit asserting federal causes
of action.  In <u>Jang v. United Technologies Corp.</u>, 206 F.3d 1147 (11th Cir. 2000), the
plaintiff argued that he could not have raised his ADA claim previously because he had
not yet attempted to obtain a "right to sue" letter and should not be barred from bringing
the second lawsuit.  206 F.3d at 1149.  The argument was rejected and the Eleventh
Circuit concluded that in both cases, the same nucleus of operative facts existed and
held "that *res judicata* barred Appellant from splitting his causes of action and bringing
his ADA claim after his first suit proceeded to a judgment on the merits."  206 F.3d at
1149.  That holding was reiterated again in <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d
1183, 1187 (11th Cir. 2003), where a plaintiff first litigated his termination by arguing
that Delta's System Board of Adjustment ignored a settlement agreement.  After that
case ended, the plaintiff filed an EEOC charge and after obtaining a "right to sue" letter,
filed a second lawsuit alleging "his termination violated the ADA."  <u>Davila</u>, 326 F.3d at
1186.  The Eleventh Circuit concluded that Plaintiff was simply attempting to
impermissibly split causes of action and the claims proceeded from the "same
transactional basis."  *Id.*, at 1187-88.

This case at bar does not concern a series of events or transactions which occurred after Plaintiff brought his original complaint.  Rather, Plaintiff has thought of a new way to practice his work in Florida.  But that does not demonstrate that Plaintiff *could not* have brought the claim earlier.  Then, as now, Plaintiff wishes to do his work in Florida in some fashion.  If Plaintiff's reasoning were accepted, he could continue to file new lawsuits against Defendants each time he thinks of a new way to practice his work in Florida.  That would not serve the purpose of the *res judicata* doctrine, to protect "[a party's] adversaries from the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions."  Montana v. United States, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), *quoted in* Ragsdale, 193 F.3d at 1238.  Permitting Plaintiff to hold onto his Commerce Clause claim to litigate in a second suit amounts to "slither[ing] through the proverbial back door for another bite at the apple."  Carter v. Railroad & Indus. Federal Credit Union, 675 So.2d 685, 687 (Fla. 2d DCA 1996).

When Plaintiff was challenging the grandfather and saving clauses, he was aware of the penalty of "one year in prison if he practice[d] his chosen profession in the State of Florida" and, indeed, raised that fact in the state case.  Doc. 25, ex. A, p. 4.   A challenge to the criminal provisions based upon the Commerce Clause is a claim that Plaintiff *could* have brought earlier.  The fact that Plaintiff may not have thought of the idea earlier does not save this claim from the bar of *res judicata*.

Thus, the facts of this case are inextricably entangled with the facts of Plaintiff's prior litigation and his challenge to Florida's ban on future licensing of naturopathic

physicians.  "A major function of the doctrine of res judicata is to prevent piecemeal litigation, . . . and allowing suits to be split in this way would frustrate that goal."  Norfolk Southern Corp. v. Chevron, U.S.A., Inc., 371 F.3d 1285, 1290-91 (11th Cir. 2004), *citing* Gen. Elec. Co. v. Deutz Ag, 270 F.3d 144, 157-58 (3d Cir. 2001).  Plaintiff is impermissibly attempting to split claims by raising a federal due process and equal protection claim in state court and a commerce claim in federal court.  The underlying laws are the same although Plaintiff's attack is slightly different.  Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, (6th Cir. 2003) (noting a plaintiff cannot "chose to split his cause of action and seek recovery on only part of it, saving alternate claims against the same defendant for later litigation.");  McGuire v. City of Springfield, Ill., 280 F.3d 794, 797 (7th Cir. 2002) (noting that splitting a cause of action between state and federal court leaves a plaintiff subject to a defense of *res judicata* when the first case reaches judgment).  Plaintiff's successive claim in this case is barred by *res judicata* and Defendants' motion to dismiss should be granted.

Plaintiff also contends that *res judicata* should not apply in this case because Defendants' counsel was appellate counsel during the state proceedings and "sought to block any amendment for any form of possible alternative relief in the prior case!"  Doc. 46, p. 12.  Plaintiff contends this "is a classic example of a party taking a position in a lawsuit which is inconsistent with the position that party took in prior litigation, which works to the disadvantage of the opposing party."  *Id.*  This is not persuasive.  Arguing on appeal that a party may not *then* add a new claim is not inconsistent with

Defendants' argument here that Plaintiff had a ruling on the merits in state court and

cannot have a second chance to litigate new claims now.[11]

Plaintiff also argues that under the Florida Supreme Court opinion in deCancino

v. Eastern Airlines, Inc., 283 So.2d 97 (Fla. 1973), Defendants have failed to provide

sufficient records for this Court to determine the res judicata defense.  Doc. 46, p. 14.

The facts of deCancino are relatively simple.  "Petitioner deCancino filed her claim for

compensation in Florida . . . while a compensation claim arising from the same injury

was pending in New York."  deCancino, 283 So.2d at 97.  The Florida case was

dismissed "on the ground that the New York claim was pending at the time the Florida

claim was filed."  Id.  On appeal, however the dismissal was reversed because "the New

York claim had been dismissed by the time the Judge of Industrial Claims had issued

his order."  Id., see deCancino v. Eastern Airlines, 239 So.2d 15 (Fla. 1970).

Eventually, following a hearing on petitioner's claims in Florida, she was awarded "some

of the benefits sought and denied others."  Id., at 98.  The denial was based on res

---

[11] A true inconsistent position is one which cannot stand together with a prior
argument.

> In the bond-validation proceeding, the City successfully moved the trial
> court to strike four of Warner's affirmative defenses, and the supreme
> court affirmed, noting that Warner could raise these issues in a separate
> case.  Warner did so, and in that separate case, that at bar, the City
> successfully argued that these same issues had already been litigated in
> the bond-validation proceeding.  This is a classic example of a party taking
> a position in a lawsuit which is inconsistent with the position that party took
> in prior litigation, which works to the disadvantage of the opposing party.

Warner Cable Communications, Inc. v. City of Niceville, 581 So.2d 1352, 1355 (Fla. 1st
DCA 1991).

*judicata* and a determination that "the New York claim 'was a decision on the merits . . . .' "  283 So.2d at 98.  However, on appeal, the Florida Supreme Court noted that the only record evidence concerning the New York decision stated: " 'Decision: Case was closed on previous findings at request of claimant and attorneys. No further claim.' "  *Id.*  The court held that the record did not sufficiently demonstrate whether the New York decision "amounted to a final determination on the merits under New York law, or simply a voluntary dismissal," and that an adequate record must exist for *res judicata* to bar a claim.  283 So.2d at 98.

In this case, there is an adequate record for making this determination, and the Florida circuit court's order dismissing Plaintiff's claims is not vague or ambiguous.  It is clear in finding that Plaintiff's claims could not be maintained, "and that any attempts to amend the complaint to state a viable cause of action would be futile."  Doc. 25, ex. A, p. 38.  The decision was on the merits and sufficient evidence has been presented to appropriately make that determination.  See <u>Campbell v. State</u>, 906 So. 2d 293 (Fla. 2d DCA 2004) (party raising *res judicata* must demonstrate "with sufficient certainty" that the doctrine applies); *but see* <u>Weit v. Rhodes</u>, 691 So.2d 1108, 1109 (Fla. 4th DCA 1997) (holding that generally when *res judicata* is raised as an affirmative defense, it must be determined from the entire record, not just the judgment.).  This issue required only the complaint and the order of dismissal to review; there was no need for further evidence.  Because it is clear that Plaintiff's claims are barred by *res judicata*, Defendants' motion to dismiss should be granted.

**Conclusion**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants'

motion to dismiss, doc. 25, be **GRANTED**, and that Plaintiff's amended complaint, doc.

13, be **DISMISSED** because it is barred by *res judicata*.

**IN CHAMBERS** at Tallahassee, Florida, on November 2, 2005.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and
recommendations within 15 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 10 days after
being served with a copy thereof.  Failure to file specific objections limits the scope of
review of proposed factual findings and recommendations.**