IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL JOHN REINHARDT,

        Plaintiff,

v.                                                                                                      4:05cv107-WS

DR. M. RONY FRANCOIS, et al.,

        Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the magistrate judge's report and recommendation (doc. 53) docketed November 2, 2005. The magistrate judge recommends that the defendants' motion to dismiss (doc. 25) be granted. The defendants have filed a limited objection (doc. 54) to the report and recommendation, noting that the magistrate judge failed to specify whether the recommended dismissal is to be with or without prejudice. The defendants urge the court to dismiss the case *with* prejudice. The plaintiff has filed objections (doc. 55) to the report and recommendation, challenging the magistrate judge's recommendation on the merits.

In their motion to dismiss, the defendants argue for dismissal based on lack of standing, failure to state a claim, and *res judicata*. The magistrate judge determined

that dismissal was appropriate on *res judicata* grounds but did not address the defendants' remaining two arguments. This court agrees that the plaintiff's lawsuit is barred on *res judicata* grounds. In addition, this court finds that the plaintiff has failed to state a claim upon which relief may be granted.[1]

The plaintiff seeks relief under the Commerce Clause, which grants Congress the power "[t]o regulate Commerce with foreign nations, and among the several states, and with Indian Tribes." Art. I, § 8, cl. 3. Although, by its express terms, the Commerce Clause does nothing more than bestow powers upon Congress, the Supreme Court has long recognized that, with the grant of power to Congress, comes a limitation on the power of the states to erect barriers against interstate trade. Lewis v. BT Investment Managers, Inc., 447 U.S. 27, 35, 100 S. Ct. 2009, 2015, 64 L. Ed. 2d 702 (1980). This limiting aspect of the Commerce Clause is commonly known as the "dormant commerce clause." Under the dormant commerce clause, if a state law has either the purpose or effect of significantly favoring in-state commercial interests over out-of-state interests, the law will "routinely" be invalidated "unless the discrimination is demonstrably justified by a valid factor unrelated to economic protectionism." West Lynn Creamery, Inc. v. Healy, 512 U.S. 186, 192-93, 114 S. Ct. 2205, 129 L. Ed. 2d 157 (1994)).

Here, the plaintiff's complaint reveals that, pursuant to statute enacted in 1959,

---

[1] The magistrate judge noted that the issue of standing was "complicated" and recommended that the case be adjudicated on the basis of *res judicata*. This court finds that the allegations in the complaint are insufficient to demonstrate whether or not the plaintiff has standing. Assuming, for the sake of argument, that the plaintiff has standing, his complaint is nonetheless subject to dismissal.

Case No. 4:05cv107-WS

"*no one* can now become licensed as a naturopathic physician . . . in Florida." Am. Compl. at ¶ 19 (emphasis added). The plaintiff's complaint also reveals that, except for those naturopaths who were already licensed when the licensing authority was abolished, *no one* can now practice the profession of naturopathy in the State of Florida. Id. The plaintiff alleges that, although he is currently licensed to practice as a naturopathic physician in the State of Idaho and in the District of Columbia, the State of Florida prohibits him (because he is without a Florida license) from meeting in consultation with "duly licensed naturopaths" (those who were grandfathered in when the licensing program was abolished) in Florida. Id. at ¶ 1. He does not allege that Florida allows in-state, but not out-of-state, non-licensed naturopaths to meet in consultation with the few remaining licensed naturopaths, that Florida benefits in-state naturopaths at the expense of out-of-state naturopaths, or that Florida otherwise discriminates against out-of-state naturopaths. Absent such allegations, the court finds that the plaintiff fails to state a claim under the dormant commerce clause.

Accordingly, it is ORDERED:

1. The magistrate judge's report and recommendation (doc. 53) is ADOPTED and incorporated by reference into this order.

2. The plaintiff's request for *de novo* review (doc. 55) is GRANTED. The court's decision is based on its *de novo* review of the record.

3. The defendants' motion to dismiss (doc. 25) is GRANTED.

4. The plaintiff's complaint, and this action, are hereby DISMISSED WITH PREJUDICE.

Case No. 4:03cv303-WS

5. The clerk shall enter judgment accordingly.

6. The plaintiff's motion (doc. 60) to amend the amended complaint is DENIED.

7. The clerk shall tax costs in favor of the defendants.

DONE AND ORDERED this January 31, 2006.


      /s William Stafford
WILLIAM STAFFORD
SENIOR UNITED STATES DISTRICT JUDGE